**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAVELL REDMOND,

                Plaintiff,

     v.

FOX TELEVISION STATIONS, LLC,
and FOX CORPORATION,

                Defendants.

No. 24 CV 3392

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Lavell Redmond seeks damages for defamation. R. 1-3. Defendants move to dismiss. R. 8. For the reasons stated below, Defendants' motion is granted.

### Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citations omitted). "Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citations omitted). In deciding a motion to dismiss, the Court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in favor of the plaintiff. *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

1

## Background

Redmond was convicted for aggravated sexual assault in 1991 and served twenty-four years in prison. R. 1-3 ¶ 7. In September 2021, Redmond began working for the Village of Dolton as a code enforcement officer where he drove around in a village vehicle looking for and documenting potential violations of the building and land codes. *Id.* ¶¶ 6, 12. Redmond observed home exteriors and was never responsible for entering homes to perform inspections. *Id.* ¶ 13.

From October 21, 2021 through January 5, 2024, Defendants published at least six different news articles about Redmond. *Id.* ¶¶ 14–27. By way of example, an article from October 21, 2021 stated that Redmond was a "registered child sex offender" who had been hired by Dolton Mayor Tiffany Henyard as a code enforcement officer and that Redmond "goes into Dolton homes and businesses to inspect them and make sure they are up to code." *Id.* at 12. Following publication of these articles, Redmond was arrested in November 2021 (and later found not guilty) on charges that he had provided false information when registering as a sex offender. *Id.* ¶¶ 19, 24. In August 2022, Redmond was fired from his position. *Id.* ¶ 23.

Redmond alleges that these articles contained defamatory statements because they falsely asserted that Redmond was going into Dolton homes. *Id.* ¶ 29. Redmond brings claims against Defendants for defamation *per se*, defamation *per quod*, and false light, and he alleges harm in that his arrest and termination were caused by these defamatory statements. *Id.* ¶¶ 28–42. Defendants move to dismiss. R. 9.

## Discussion

Illinois imposes a one-year statute of limitations on defamation and false light claims that begins to run when the defamatory statement was published. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003); *Ludlow v. Northwestern Univ.*, 79 F. Supp. 3d 824, 841 (N.D. Ill. 2015). Because Redmond filed suit on March 1, 2024, only materials published on or after March 1, 2023 are actionable. As alleged, Defendants made just two publications on or after March 1, 2023. The first article was published May 31, 2023 on the Fox 32 website. R. 1-3 at 24–33. The next article was published January 5, 2024 on the Fox News website.[1] *Id.* at 34–47. The Court addresses each article in turn.

The May 31 article is a ten-page article focused on Dolton's Mayor Tiffany Heynard. *Id.* at 24–33 (titled: "Dolton mayor faces scrutiny over questionable use of public funds."). In those ten pages, the article dedicates a single sentence to Redmond and in that sentence, does not mention Redmond by name. It states: "Heynard later made international news after hiring and then firing a registered sex offender who had volunteered to be a building inspector." *Id.* at 31.

This statement is substantially true. Indeed, Redmond does not argue otherwise. *See* R. 14 at 5–7. And substantial truth is a complete defense to defamation claims and false light claims. *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1228 (7th Cir. 1993); *Pope v. Chronicle Publ'g Co.*, 95 F.3d 607, 616 (7th Cir. 1996). The May 31 article is thus insufficient as a matter of law to support Redmond's claims.

---

[1] Both the Fox 32 website and the Fox News website are owned by Defendants. Fox 32 focuses on Chicago-based news and Fox News is national. R. 9 at 1.

The January 5 article is a fourteen-page article also focused on Heynard rather than Redmond. R. 1-3 at 34–50 (titled: "Democratic mayor accused of antics so wild she deserves her own TV show: 'Real life Parks & Rec situation.'"). This article does not mention Redmond by name and dedicates two sentences to him. It states:

> Heynard hired a convicted sex offender as a code enforcement officer – "a job in which he goes into Dolton homes and businesses to inspect them and make sure they are up to code," according to a <u>Fox 32 report</u>. "Oh my god. Don't [sic] they supposed to do background checks before they allow these people in these kind of positions?" a resident said.

*Id.* at 44 (with a hyperlink to the October 21, 2021 article published on Fox 32). Redmond makes two arguments regarding the above sentences.

First, Redmond argues that the hyperlink to the October 21 article counts as a republication of the October 21 article, thus bringing the October 21 article within the statute of limitations. R. 14 at 2–5. But publication is an "essential element of a defamation claim under Illinois law" and a hyperlink "does not duplicate the content of a prior publication; rather, it identifies the location of an existing publication and, if selected, instructs a search engine to retrieve that publication." *Doctor's Data, Inc. v. Barrett*, 170 F. Supp. 3d 1087, 1137 (N.D. Ill. 2016). "Although the Illinois Supreme Court has not ruled on whether a hyperlink counts as a publication of the material found at the hyperlinked location, several other courts have ruled that hyperlinks do not fulfill the publication element of a defamation claim." *Id.* (collecting cases). The October 21 article remains outside the statute of limitations.

Second, Redmond argues that the January 5 article was defamatory because it stated that he "goes into Dolton homes." R. 14 at 6. This statement is certainly inaccurate. But "[a]ny inaccuracies which do no incremental damage to the plaintiff's reputation do not injure the only interest that the law of defamation protects." *Glob. Relief Found., Inc. v. New York Times Co.*, 390 F.3d 973, 987 (7th Cir. 2004). In other words, to avoid dismissal, Redmond must allege that this statement did incremental damage.[2] But Redmond failed to do so. He cannot allege (and did not allege) that the January 5 statement caused his arrest or termination because the article was published nearly three years after his arrest and nearly two years after his termination. In the context of the October 21, 2021 article, which is not actionable, the statement may have caused damage. But in the context of the January 5, 2024 article, it did not—the damage had already been done. The January 5 article is thus insufficient as a matter of law to support Redmond's claims.

---

[2] Under Illinois law, "some statements are considered defamatory *per se* because they are so obviously and materially harmful to a plaintiff that his injury may be presumed and he does not need to prove actual damages to recover, while other statements are considered defamatory *per quod*, which requires the plaintiff to allege both extrinsic facts to establish that the statement is defamatory and special damages with particularity." *Madison v. Frazier*, 539 F.3d 646, 653 (7th Cir. 2008) (citations omitted). The assertion that Redmond "goes into Dolton homes" is the only inaccurate statement in the January 5 article. This statement is not "so obviously and materially harmful . . . [that] injury may be presumed." Thus, Redmond must allege damages stemming from this statement in the January 5 article.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss (R. 8) is granted and this case is dismissed without prejudice. If Plaintiff believes he can correct the deficiencies identified above, Plaintiff may file an amended complaint by September 20, 2024.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

DATED: August 29, 2024

6